UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JESSICA HUGHES,                         :
                                        :
    Plaintiff,                          :
                                        :
v.                                      :   CASE NO. 3:06-CV-327 (RNC)
                                        :
T.L. CANNON MANAGEMENT                  :
CORPORATION D/B/A TLC EAST, LLC         :
D/B/A APPLEBEE'S NEIGHBORHOOD           :
BAR & GRILL, GARY MARSHALL,             :
                                        :
    Defendants.                         :

RULING AND ORDER

Plaintiff brings this action against her former employer and supervisor claiming that she was discharged from her employment in violation of Title VII and state law. The defendants have moved for summary judgment (doc. 13). For reasons set forth below, the motion is granted in favor of the defendants on the Title VII claim, and the court declines to exercise supplemental jurisdiction over the pendent state law claims, which are dismissed without prejudice. See 28 U.S.C. § 1367(a)(3)(2000).[1]

I.  Facts

Applebee's hired plaintiff as a server in its Plainville restaurant in October 2000. Gary Marshall was the general manager of the restaurant at all times relevant to plaintiff's claims. When plaintiff began working at the restaurant, she acknowledged

---

[1] The court does not have original subject matter jurisdiction over the state law claims because complete diversity of citizenship is lacking.

receiving an employee handbook containing rules against abusive language, disorderly conduct, fighting, destruction of company property, and failure to comply with company safety policies and procedures. Under the handbook, an employee's violation of any of these rules could result in immediate termination.

On May 23, 2004, plaintiff was involved in an altercation with a co-worker named Bryan McConnigle who verbally abused her. Sarah Bacon, another employee who claimed to have witnessed the incident, reported to Marshall that plaintiff threw a plate at McConnigle. Plaintiff admits "becom[ing] upset and slamm[ing] a saucer plate on the counter which broke into two pieces" and throwing "it into [a] glass bin" (Compl. ¶ 12) "about 7 or 8 feet away" from McConnigle (Pl. Aff. ¶ 8). As a result of the incident, plaintiff was suspended and later terminated and McConnigle received a written warning. Plaintiff had previously received a verbal warning following a confrontation with another co-worker, plus several one-on-one coaching sessions concerning her treatment of co-workers. McConnigle had no prior disciplinary history.

Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities and a charge with the Equal Employment Opportunity Commission. On August 30, 2005, the CHRO held a hearing by telephone. Plaintiff, Marshall, and Bacon testified. In November 2005, the CHRO dismissed the case and later gave plaintiff a right to sue letter. In February 2006, plaintiff

commenced the present action in Connecticut Superior Court. Defendants removed the case to this court based on the Title VII claim.

II. Summary Judgment

Summary judgment may be granted when there "is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In assessing the evidence, the court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard evidence favorable to the movant that a jury would not have to believe. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).

III. Discussion

Marshall correctly contends that individual supervisors are not subject to liability under Title VII. Schiano v. Quality Payroll Sys., 445 F.3d 597, 608 n.8 (2d Cir. 2006). Accordingly, his motion for summary judgment on the Title VII claim is granted.

Applebee's contends that it is entitled to summary judgment on the Title VII claim under the familiar McDonnell Douglas burden-shifting analysis used to assess the legal sufficiency of disparate

3

treatment claims. See Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006). Specifically, it contends that plaintiff has not met her initial burden of establishing a prima facie case and cannot sustain her ultimate burden of proving that she lost her job because of discrimination. While the question concerning the sufficiency of plaintiff's prima facie case is unusually close, giving her the benefit of the doubt, I think she has met the "minimal requirements to state a prima facie case of disparate treatment." McGuinness v. Lincoln Hall, 263 F.3d 49, 55 (2d Cir. 2001). I do agree with the defendant, however, that the evidence considered as a whole is insufficient to support a reasonable finding of discrimination.

To establish a prima facie case, plaintiff must show that: (1) she is a member of a protected class; (2) was qualified for the position; (3) was discharged by the defendant; and (4) the discharge occurred in circumstances giving rise to an inference of discrimination. Applebee's contends that plaintiff has not satisfied the second and fourth prongs.

Plaintiff's burden under the second prong is to "make the minimal showing," Gregory v. Daly, 243 F.3d 687, 696 (2d Cir. 2001), that she "'possesses the basic skills necessary for performance of [the] job.'" Id. (quoting Powell v. Syracuse Univ., 580 F.2d 1150, 1155 (2d Cir. 1978)). When, as in this case, an employee works in a position for a period of years, there is a

4

strong inference that she possesses the basic skills required for the job. Applebee's dissatisfaction with plaintiff's performance does not undermine the inference that she was capable of doing the job.

As to the fourth prong, an inference of discrimination may arise when employees who are "subject to the same workplace standards" engage in conduct of "comparable seriousness" yet are treated differently. Graham v. Long Island R.R., 230 F.3d 34, 39-40 (2d Cir. 2000). Applebee's argues that McConnigle was not similarly situated to the plaintiff because he did not throw a plate and had no prior disciplinary record. This argument has considerable force. However, the "standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." Id. Viewing the evidence in a manner most favorable to the plaintiff, a reasonable jury might be able to find that McConnigle's verbal abuse of the plaintiff, which allegedly was extremely vulgar, is of comparable seriousness to the conduct admitted by the plaintiff. Compare Graham, 230 F.3d at 42-43 (whether plaintiff's second failed drug test was comparably serious to comparator's excessive absenteeism after one failed drug test was question for the jury) with Cruz v. Coach Stores, Inc., 202 F.3d 560, 568 (2d Cir. 2000) (physical assault not comparably serious to uttering racial slurs). In light

of this possibility, I find that plaintiff has satisfied her minimal burden of presenting a prima facie case, although the resulting inference of discrimination is exceptionally weak, considering that her comparator had no prior disciplinary record.

Proceeding to the next step in the burden-shifting analysis, Applebee's states that it had a legitimate nondiscriminatory reason for firing the plaintiff because she threw a plate at McConnigle. Assuming plaintiff could persuade a jury that when she threw the plate in anger her target really was the glass bin rather than McConnigle, and assuming further that this would be sufficient to raise a jury issue regarding the credibility of Applebee's stated reason for the firing, the question becomes whether the evidence, taken as a whole, is sufficient to support a reasonable inference that she was fired because of prohibited discrimination. McGuinness, 263 F.3d at 55. I think the evidence is plainly insufficient.

Apart from denying that she threw the plate at McConnigle, all plaintiff offers to supplement her weak prima facie showing is a list of Applebee's employees who were also discharged from their employment (Mem. Opp. Summ. J. Ex. 3). The list indicates that between November 2, 2003 and May 22, 2005, three people were discharged from the Applebee's restaurant in Plainville, not including the plaintiff. Two were females who were fired after they "[c]hased a guest into the parking lot for a poor tip" (id. at

6

1). The other was a male who was fired after it was discovered that he had previously been let go from another Applebee's restaurant for serving alcohol to a minor (id. at 5).

Plaintiff seems to contend that this list, together with the evidence supporting her prima facie case, would permit a reasonable jury to return a verdict for her on the Title VII claim because it shows that three of the four employees who were discharged from the Plainville restaurant during an eighteen-month period were women. Even assuming that this is what actually occurred, I fail to see how a jury could reasonably infer from this that female employees were treated differently than male employees, or that the plaintiff was fired because she is a woman. Accordingly, I conclude that Applebee's is entitled to summary judgment on the Title VII claim.

IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is hereby granted. The Title VII claims are dismissed with prejudice; the state law claims are dismissed without prejudice. The Clerk may close the file.

So ordered this 31st day of July 2007.

                                      /s/
                                Robert N. Chatigny
                    United States District Judge